For respondent: Christopher J. Brennan.

William Hennessey et al. vs. Daniel Hennessey et al. } Eq. No. 11242.

April 20, 1932.

BLODGETT, J. Heard upon bill, answer and proof.

The bill sets forth that Adeline Hennessey and Agnes Hennessey by the terms of a final decree entered in the case of *Adeline Hennessey et al.* vs. *Daniel Hennessey et al.*, Equity No. 4291 in the Superior Court, were beneficiaries of a trust fund, and that complainant and respondents Daniel Hennessey and Michael Hennessey were constituted trustees of said fund; that said fund has been deposited in the Peoples Savings Bank of Providence, amounting at the time of filing of the bill to $1,204.27, and in the Slater Branch of the Industrial Trust Company in Pawtucket, amounting at said filing to $1,365.05; that complainant is the guardian of said Adeline and Agnes Hennessey, and that no part of the income or principal of that portion of said trust fund belonging to said beneficiaries has come into his hands as such guardian; that Adeline is twenty-three years of age and Agnes nineteen years of age, and that both are in need of money from said trust funds and seek same from said guardian, the complainant; that there has been no united action on the part of said trustees, and the complainant, although he has requested payment of same to him, has been unable to secure possession of said funds.

The prayer of the bill is for the termination of said trust, that said Savings Banks be ordered to transfer said funds now standing in the name of said trustees into the names of those beneficially entitled thereto, freed from said trust.

The respondent trustees answer that they are ready and willing to turn over to said Adeline Hennessey, who is now of full age, her interest in said trust and that they are ready and willing to make such withdrawals as this Court may direct to said Agnes, a minor.

The sole dispute between the trustees seems to be as to the use of said trust funds by one of said trustees, the complainant in this bill, and guardian of the two beneficiaries.

Apparently from the testimony two of the trustees do not approve of turning over said funds to the complainant, guardian as aforesaid, to be applied as desired by said beneficiaries. It would appear that such guardian under proper restriction is entitled to the possession of said funds, and, further, that the beneficiary of full age, to wit, Adeline, would be entitled to receive from said guardian the principal of said trust funds, under the terms of the decree entered October 28, 1919, in this Court.

A decree may be submitted to such effect.

For complainant: Charles R. Easton.

For respondent: Huddy & Moulton, Peter W. McKiernan.